

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 19, 1939

Hon. Will Crew
County Attorney
Canadian, Texas

Dear Sir:

Opinion No. Q-146-A
Re: Costs of court in criminal
proceedings in county court.

We have heretofore written an opinion, which was dated January 26, 1939, on the questions involved herein, but because of the importance and seriousness of the questions and because of the uncertainty of the law on these questions we have reconsidered the questions and deem it advisable to give you this second opinion in lieu of the first opinion.

Your questions were as follows:

"1. Whether costs in County Court may be collected before appeal is perfected?

"2. Whether a paupers oath affects costs already accrued in County Court, as well as the costs of appeal?

"3. Whether County Clerk can made defendants pay costs of copying Bill of Exceptions and Transcripts before same are delivered to the defendants?"

We have made an exhaustive search and have been unable to find any appellate court cases on these questions; and the statutes do not deal directly with the subject.

Article 828, C. C. P., reads in part as follows:

"The effect of an appeal is to suspend and arrest all further proceeding in the case in the court in which the conviction was had until the judgment of the appellate court is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

received by the court from which the appeal was taken."

Articles 841 to 845, C. C. P., inclusive, are in regard to preparation of the transcript in criminal cases on appeal. These articles were all passed originally as part of the same act which was House Bill No. 62, First Called Session, 22nd Legislature, 1892. A few slight changes have been made in the original wording of these articles but these changes are immaterial as far as we are concerned.

These articles read as follows:

"Art. 841. The Clerk of a Court from which an appeal is taken shall prepare as soon as practicable, a transcript in duplicate, in every case in which an appeal has been taken, which shall contain all the proceedings had in the case and conform to the rules governing transcripts in civil cases, the copy of such transcript to be filed in the trial court with the original papers in the case, and the original to be forwarded to the clerk of the Court of Criminal Appeals as provided in Article 843 of the Code of Criminal Procedure of the State of Texas, 1925. Provided the Clerk shall not charge for the extra copy.

"Art. 842. The clerk shall prepare transcripts in felony cases that have been appealed in preference to misdemeanor cases and shall prepare transcripts in all criminal cases appealed in preference to civil cases.

"Art. 843. As soon as prepared, the clerk shall forward the transcript by safe conveyance, charges paid, inclosed in a securely sealed envelope, directed to the clerk of the Court of Criminal Appeals.

"Art. 833. The clerk, immediately after the adjournment of the court at which appeals were taken, shall make out a certificate under his seal showing a list of each cause appealed. This certificate shall show the style of

the cause, the offense, the date judgment was
rendered, and the date the appeal was taken;
and the clerk shall send it to the clerk of
the appellate court.

"Art. 845. When it appears by the clerk's
certificate that an appeal has been taken but
that the transcript has not been received by
the clerk of the court of criminal appeals
within the time required by law for filing
transcripts in civil actions, such clerk shall
immediately notify the clerk of the proper
court that the same has not been received,
and such clerk without delay shall prepare
and forward another transcript as in the first
instance, and notify the clerk of the appellate
court by letter of the fact that such trans-
script has been forwarded and how and when it
was forwarded."

A reading of these five articles together indi-
cates that it is mandatory that the clerk prepare and for-
ward the transcript to the Court of Criminal Appeals, al-
though the cost for the preparation of the transcript
has not been paid.

Although there are no appellate court cases in
Texas on the question of the county clerk charging in ad-
vance for a transcript in a misdemeanor case, however,
it was held in the case, Edmondson vs. State, 6 S. W. 2nd
119, that a district clerk could not demand his fee in
advance for preparing a transcript in a felony appeal.

There are no provisions in the statutes provid-
ing for a pauper's oath in misdemeanor cases on appeal.

The law is noticeably silent on the questions
submitted in your inquiry and therefore, any one would be
in doubt as to the correct answers .  In passing upon a
similar situation in the case of Gilley vs. State, 13 S.
W. 2nd 706, Judge Lattimore used the following language:

"One desirous of having the correct-
ness of his trial reviewed on appeal should
have the prompt and willing assistance of
all officials who have duties in connection
with the preparation of the record in such

case, and, if there be doubt as to the exact attitude of any step in such preparation for appeal, we deem it should be resolved in favor of the accused. This appellant seems to have acted with promptness and diligence in trying to get his statement of facts approved and before this court. We are unwilling to concede that he should be deprived of same when there is a doubt as to the technical point now raised by the state."

We think that this language is applicable in this case and any doubt should be resolved in favor of the defendant.

You are respectfully advised that it is the opinion of this Department that the costs of county court cannot be collected until judgment of the appellate court is received by the court from which the appeal was taken and the pauper's oath has no application in misdemeanor cases as far as an appeal is concerned and you are further advised that the county clerk cannot demand and compel defendant to pay costs of bill of exceptions and transcript before the same are delivered to the defendant.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By(Signed) Ardell Williams
Ardell Williams
Assistant

AW:AW

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS